

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. L. Miller
County Attorney
Newton County
Newton, Texas

Dear Sir:

Opinion No. O-5437
Re: Whether justice of the
peace is entitled to a
trial fee for accepting
pleas of guilty in mis-
demeanor cases where of-
fenses were committed in
another precinct of the
county.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"On the 19th day of June the Justice of the
peace for precinct No. 1, went to precinct 2, and
fined 10 negroes for crap shooting, these fines
was collected, the money paid into the treasure
the trial fee, and all cost was paid. Now the
question who would draw the fee justice of the
peace for prec. 1, or 2, there was a qualified
justice for precinct No. 2.

"All the cases was wrote up in prec. No. 1,
and was paid to the sheriff.

"Under Art. 2373 the qualified voters of each
justice precinct in this state shall elect one jus-
tice for the precinct.

"Please let me have your opinion as to whom
this $3.00, for each case will belong to, or to
any one."

Article 1052, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"Three Dollars shall be paid by the county
to the County Judge, or Judge of the Court at
Law, and Two Dollars and fifty cents shall be
paid by the county to the Justice of the Peace,
for each criminal action tried and finally dis-
posed of before him. Provided, however, that in
all counties having a population of 20,000 or
less, the Justice of the Peace shall receive a
trial fee of Three Dollars. Such Judge or Justice
shall present to the Commissioners' Court of his
county at a regular term thereof, a written ac-
count specifying each criminal action in which
he claims such fee, certified by such Judge or
Justice to be correct, and filed with the County
Clerk. The Commissioners' Court shall approve
such account for such amount as they find to be
correct, and order a draft to be issued upon the
County Treasurer in favor of such Judge or Jus-
tice for the amount so approved. Provided the
Commissioners' Court shall not pay any account or
trial fees in any case tried and in which an ac-
quittal is had unless the State of Texas was re-
presented in the trial of said cause by the County
Attorney, or his assistant, Criminal District At-
torney or his assistant, and the certificate of
said Attorney is attached to said account certify-
ing to the fact that said cause was tried, and
the State of Texas was represented, and that in
his judgment there was sufficient evidence in said
cause to demand a trial of same. (As amended
Acts 1929, 41st Leg., p. 239, ch. 104, ¶ 1; Acts
1929, 41st Leg., 1st C. S., p. 155, ch. 55, ¶ 1.)"

Article 1011, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"No item of costs shall be taxed for a pur-
ported service which was not performed, or for
a service for which no fee is expressly provided
by law."

We quote from 4 Texas Jurisprudence, pages 23 and 24, as follows:

"§ 8. -- Payment of Fine. - One who has paid a fine assessed against him and costs in the trial court is not entitled to appeal. Thus in an early case it was said that the defendant 'having treated the matter as at an end, to permit him, after having recognized the judgment as valid and binding, to apply for a new trial, and this being refused, to appeal, would be entirely inconsistent.' But no person other than the defendant can defeat his right to appeal by paying the fine and costs assessed; the satisfaction of the judgment so as to prevent an appeal must come from the defendant or from some one acting by his authority."

We quote from the opinion of the Texas Court of Criminal Appeals in the case of Ex Parte Von Koenneritz, 286 S. W. 987, as follows:

"This is a dual action, in which the applicant seeks the writ of habeas corpus, releasing him from arrest, and also seeks a writ of prohibition against J. C. Burch, justice of the peace of precinct No. 6 of Travis county, Tex. He asks that we issue a writ of prohibition prohibiting the said J.C. Burch, justice of the peace as aforesaid, from trying him on a certain complaint which has been filed against him in the justice court over which the said Burch presides. He attaches a copy of the complaint under which he is held, and this complaint alleges that on the 15th day of January, 1926, the applicant, in Travis county, Tex., did unlawfully and willfully drive and operate a certain motor vehicle along and upon a certain public highway, to wit, along and upon South Congress avenue, a street within the corporate limits of Austin, Tex., an incorporated city, at a greater rate of speed than 25 miles per hour, etc.

"It is appellant's contention that the justice of the peace in precinct No. 6 is without jurisdiction to try said case, in view of the fact, as

appellant contends, that the offense was committed, if at all, in precinct No. 3 in Travis county. We do not agree with applicant's contention that the alleged anticipated trial of the applicant before the justice court of precinct No. 6 would be a mere nullity. His action in the event of a trial, in our judgment, would not be void. Under the plain terms of the statute itself, the justice of precinct No. 6 has jurisdiction of the subject-matter of the suit. Article 60, 1925 Revision C. C. P.

"If it be conceded that applicant would have the right upon proper motion to have the case transferred to the justice precinct in which the alleged offense occurred, which question it is unnecessary to decide in this case, it would still follow that such right would not render the trial of the cause in justice precinct No. 6 void. Suppose the right to be tried in the precinct where the offense was committed was undisputed, yet for some reason applicant should not see fit to assert this right and should plead guilty in a justice court situated in a precinct different from the one in which the offense was committed; could it be contended that a valid judgment could not be rendered against him under these conditions? We think not. The Court of Civil Appeals in this state has, we think, correctly stated the rule as follows:

"'The word "void" can with no propriety be applied to a thing which appears to be sound, and which while in existence can command and enforce respect, and whose infirmity cannot be made manifest. If a judgment rendered without in fact bringing the defendants into court cannot be attacked collaterally on this ground unless the want of authority over them appears on the record, it is no more void than if it were founded upon a mere misconception of some matter of law or of fact occurring in the exercise of an unquestionable jurisdiction. In either case the judgment can be avoided and made functus officio by some appropriate proceeding instituted for that purpose; but, if not so avoided, must be respected and enforced.' Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347.

"The anticipated action of the justice of the peace of precinct No. 6 being in no event more than voidable, applicant is not entitled to the relief sought.

"'The doctrine is well settled, in this state at least, that if the proceeding under which a person is held in custody and restrained of his liberty is merely voidable, he cannot be released on habeas corpus, but must seek his remedy in some other manner. The ordinary mode of seeking redress against a voidable judgment in a criminal proceeding would be by appeal. The writ of habeas corpus was never designed to operate as a writ of error, a certiorari, or as an appeal.' Ex parte Boland, 11 Tex. App. 159; Ex parte McKay, 82 Tex. Cr. R. 221, 199 S. W. 637; Ex parte Japan, 36 Tex. Cr. R. 482, 38 S. W. 43, and many cases cited in these authorities.

"The matter in controversy being one in which the justice of the peace has jurisdiction of the subject-matter involved, we will not decide questions of practice in an action of this character that may arise on the trial of the case. As stated by Judge Henderson in Ex parte Windsor (Tex. Cr. App.) 78 S. W. 510:

"'We will not assume that the court below will not properly administer the law, and will not determine questions presented to it, in a legal and proper manner.' -

"For the reasons above stated, the writ of habeas corpus and the writ of prohibition are both refused."

Under the facts stated the dice shooters pleaded guilty to the justice of the peace of precinct No. 1 and paid their fines, the cases being docketed and filed in justice precinct No. 1. Under Ex parte Von Koenneritz above cited such judgments were not void for the justice of precinct No. 1 had jurisdiction. Also the dice shooters having paid their fines could not appeal the cases. It is our opinion that the justice

of the peace of precinct No. 1 who accepted the pleas of guilt is entitled to the fees provided by Article 1052, V.A.C.C.P., supra.

It is our further opinion that the justice of the peace of precinct No. 2, not having tried the cases, is not entitled to any fees whatever in the matter.

In this connection we wish to call to your attention the provisions of House Bill 342 of the 48th Legislature of Texas, effective August 10, 1943. We quote from Volume 5, Vernon's 1943 Texas Session Law Service, 48th Legislature, Regular Session, pages 424-425, as follows:

"Be it enacted by the Legislature of the State of Texas:

"Section 1. No person shall be tried in any misdemeanor case in any Justice Precinct Court except in the precinct in which the offense was committed, or in which the defendant resides; provided that in any misdemeanor case in which the offense was committed in a precinct where there is no qualified Justice Precinct Court, then trial shall be had in the next adjacent precinct in the same county which may have a duly qualified Justice Precinct Court, or in the precinct in which the defendant may reside; provided that in any such misdemeanor case, upon disqualification for any reason at all Justices of the Peace in the precinct where the offense was committed, such case may be tried in the next adjoining precinct in the same county, having a duly qualified Justice of the Peace; provided that, upon agreement between the attorney representing the State and each defendant or his attorney, which said agreement shall be reduced to writing, signed by said attorney representing the State and each defendant or his attorney, and filed in the Justice Court in which such misdemeanor case is pending, the Justice of the Peace before whom such case is pending may, in his discretion, transfer such cause to the Justice Court of any other precinct in the same county, named in such agreement;

provided that in any misdemeanor case in the Justice Court in which two (2) or more defendants are to be tried jointly, such case may be tried in a Justice Court of the precinct where the offense was committed, or where any of the defendants reside.

"Sec. 1-A. No constable shall be allowed a fee in any misdemeanor case arising in any precinct other than the one for which he has been elected or appointed, except through an order duly entered upon the Minutes of the County Commissioners Court.

"Sec. 1-B. Any Justice of the Peace, Constable, Deputy Constable, Sheriff, or Deputy Sheriff either elected or appointed, violating any provision of this Act shall be punished by fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500) and shall be subject to be removed from office by action brought in District Court for that purpose.

"Sec. 2. All laws and parts of laws in conflict herewith are hereby repealed to the extent of such conflict.

"Sec. 3. The fact that many persons are daily being prosecuted for misdemeanors in Justice Courts at considerable distances from their homes and from the precincts in which the offenses were committed, for the purpose of inducing such persons to plead guilty, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Passed the House, April 7, 1943; Yeas 125, Nays 18; passed the Senate, April 29, 1943, by a viva voce vote.

"Approved May 6, 1943.

"Effective 90 days after May 11, 1943, date of adjournment."

Honorable A. L. Miller, page 8

When House Bill No. 342, supra, becomes effective on August 10, 1943, it will control insofar as the filing of misdemeanor complaints in justice courts are concerned.

Trusting that this satisfactorily answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:db

APPROVED JUL 20, 1943

APPROVED
OPINION